**UNITED STATES of America**

v.

**Gary Dean ANDREWS.**

**Crim. No. 4–89–51.**

United States District Court,
D. Minnesota,
Fourth Division.

June 5, 1989.

Nathan P. Petterson, Asst. U.S. Atty., Minneapolis, Minn., for U.S.

Daniel W. Schermer, Schermer, Altman & Isek, Minneapolis, Minn., for defendant.

### ORDER

ROSENBAUM, District Judge.

This matter is before the Court pursuant to the United States' appeal of a report and recommendation issued by the Honorable J. Earl Cudd, United States Magistrate, dated May 4, 1989. The magistrate recommended that evidence seized during a search of defendant's apartment be suppressed. Based upon the submissions of the parties and a *de novo* review of the record herein, the Court adopts the magistrate's report and recommendation in all respects. 28 U.S.C. § 636(b)(1); Local Rule 16(C)(2).

The search was conducted and the evidence was seized pursuant to a warrant issued by a Ramsey County, Minnesota, district judge. The magistrate recommended the seized evidence be suppressed because the warrant authorizing a search of the entire building located at 1076 Bush Avenue, St. Paul, Minnesota, was overbroad.

The warrant was based upon an affidavit submitted by a Ramsey County Deputy Sheriff (deputy). It described the house as a "single family dwelling." The affidavit contained evidence—including an informant's tip—that Ron Schubert, an occupant of the house, was selling narcotics. At the time the warrant issued, defendant resided in the first floor apartment of the two-story house.

The magistrate suggests—and the Court here finds—that the affidavit contained no facts suggesting this defendant was engaged in the sale of controlled substances. More importantly, the magistrate concluded that the deputy applying for the warrant should have known that the house was divided into two apartments and the warrant should only have authorized a search of Schubert's apartment. The Court, upon its independent review, specifically adopts the magistrate's finding.

A suppression hearing, pursuant to the defendant's motion, was held before the magistrate on April 7, 1989. The government presented no evidence beyond the affidavit at the hearing.

It is clear that from the exterior the property resembled a single family dwelling with one mailbox, one visible main en-

trance, and one address. But other evidence clearly demonstrated that reasonable inquiry would have revealed the true nature of the dwelling. There were two voice boxes, under separate names, by the front door. Of particular interest is a letter addressed to Schubert found, prior to the search, in the trash behind the house. The letter bore Schubert's name; the address indicated "Flr 2."

The magistrate concluded that the deputy could have conducted further investigation to determine if more than one person occupied the house. The Court concurs. The dual voice boxes—which the Court notes are typical of a dwelling housing multiple tenants—indicated that the house may well have been divided into individual apartments. The letter to Schubert also forewarned of multiple tenants and separate living units. The Court finds the letter reasonably indicated Schubert occupied the upper floor of the two-story house. The deputies certainly could have spoken further with their informant to learn more about the house and the suspect they believed resided therein. There is no indication that an immediate search of the house was imperative. Although the house may have initially appeared to be a single family dwelling, reasonable investigation would have revealed the house consisted of at least two apartments.

This case is controlled by the Supreme Court's decision in *Maryland v. Garrison,* 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). In *Garrison,* police entered the third floor of an apartment building, unaware that the floor contained two separate apartments. At the time they procured the warrant, the police believed the floor had one apartment. Instead of searching the apartment of their suspect, the police searched the defendant's apartment. In upholding the *Garrison* search, the Supreme Court made clear that:

if the officers had known, or even if they should have known, that there were two separate dwelling units ... they would have been obligated to exclude respondent's apartment from the scope of the requested warrant. But we must judge the constitutionality of their conduct in

light of the information available to them at the time they acted. Those items of evidence that emerge after the warrant is issued have no bearing on whether or not a warrant was validly issued. Just as the discovery of contraband cannot validate a warrant invalid when issued, so is it equally clear that the discovery of facts demonstrating that a valid warrant was unnecessarily broad does not retroactively invalidate the warrant. The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing magistrate.

*Id.* at 85, 107 S.Ct. at 1017–18 (footnotes omitted).

The Court holds, here, that the deputies knew or "should have known ... that there were two separate dwelling units," per *Garrison,* at 1076 Bush Avenue. The search warrant, therefore, is rendered invalid as to this defendant's apartment and the fruits of that search must be suppressed.

The government argues that the good faith exception to the exclusionary rule set forth in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), salvages the invalid search. The government suggests the officers relied in good faith on the warrant as issued and, therefore, the evidence is admissible.

The magistrate dismissed this argument stating:

In *Leon* the court was concerned with errors by the magistrate. Here the question is whether the affiant presented sufficient facts to enable the magistrate to reach a conclusion. We are not therefore concerned with an error by the magistrate. Had the affiant conducted a further investigation and presented all of the facts to the magistrate, *Leon* might be applicable.

Report and Recommendation, p. 6. The magistrate is correct, if cursory.

■ *Leon* provides a remedy for magistrate errors, not law enforcement dereliction. In *Leon,* the Supreme Court noted that the exclusionary rule was designed to

deter various forms of police misconduct. *Leon,* 468 U.S. at 917–18, 104 S.Ct. at 3417. Thus, when a magistrate errs and improperly issues a warrant, without fault of the affiant, suppression provides no deterrent value to the policeman who acts in good faith in executing the warrant. *Id.* at 920–21, 104 S.Ct. at 3419. The Court reasoned that the police should not be "penaliz[ed] for the magistrate's error, rather than his own." *Id.*

 The Supreme Court did not, however, issue a blank check to law enforcement officials who merely hold a piece of warrant paper in their hands. They noted that:

> suppression ... remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.

*Id.* at 924, 104 S.Ct. at 3421. In listing three specific areas where a warrant would be invalid, the Supreme Court particularly noted that evidence would be suppressed if the officer should have realized that the warrant was based on so little probable cause that its existence was unreasonable. *Id.* at 924, 104 S.Ct. at 3421.

This case is factually distinguished from *Leon,* which was premised on the magistrate's probable cause determination. The instant case is focused on the investigation used to support the affidavit presented to the magistrate. Here the deputies constructed an affidavit deficient in investigative foundation when evidence of the deficiency was or should have been known to them. Certainly the judge found probable cause from the affidavit before him, but the facts asserted in that affidavit were incomplete as a result of the deficient investigation. The deputy's affidavit, in reality, did not support a search of defendant's apartment.[1] *Garrison,* 480 U.S. at 85, 107 S.Ct. at 1017–18.

The *Garrison* Court consisted of eight justices who sat at the time *Leon* was issued, only three years before. The Supreme Court was certainly aware of its own holding in *Leon,* but pointedly refused to apply it to a fact situation quite similar to the present cause. *See United States v. Leary,* 846 F.2d 592, 609 n. 30 (10th Cir. 1988).

 The Court would be remiss, however, were it to completely ignore a major holding of *Leon.* At least one aspect of that opinion touches precisely upon this case: the Supreme Court emphasized, and this Court emphatically reasserts, that the constitutional requirements of the fourth amendment are not, and should not be, abandoned. *Leon,* 468 U.S. at 925, 104 S.Ct. at 3421. In this case, the conduct of the deputies fell short of that demanded for the proper issuance of a warrant. Suppression of evidence pursuant to the fourth amendment is an appropriate step when investigators breach their duty to thoroughly investigate information supporting an affidavit.

Accordingly, for the reasons set forth above, and based on the files, records, and proceedings herein, IT IS ORDERED that:

The evidence seized from the first floor apartment of defendant Andrews is suppressed.

---

1. Having held *Leon* inapplicable, the Court need not entertain the government's request for a

hearing regarding the police officer's good faith.